United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41295
c/w No. 04-41296
Conference Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

YSIDRO GOMEZ-GRACIANO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:00-CR-34-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Ysidro Gomez-Graciano (Gomez) appeals the sentence imposed

following his guilty plea conviction for illegal reentry, in

violation of 8 U.S.C. § 1326.[**]  He argues, for the first time on

appeal, that the district court erred in sentencing him under a

mandatory sentencing guidelines scheme, citing United States v.

Booker, 125 S. Ct. 738, 756 (2005).  He acknowledges that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Gomez does not appeal the revocation of his supervised
release or the sentence imposed following revocation based on
this offense.

argument is reviewed for plain error but contends that he does not have to demonstrate any effect on his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. See United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). The district court committed error that is plain when it sentenced Gomez under a mandatory sentencing guidelines regime. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Gomez, however, fails to meet his burden of showing that the district court's error affected his substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521. His argument that Mares was wrongly decided is unavailing. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

As he concedes, Gomez's argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). The district court's judgment is AFFIRMED.